UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>17-19 Goodrich Street, Kittery, ME 03904 |
| Richard A. Welch | Mortgage:<br>August 3, 2005 |
| **Defendant** | Book 14598, Page 365 |
| 21ˢᵗ Mortgage Corporation | |
| **Party-In-Interest** | |

**UPON INFORMATION AND BELIEF THIS PROPERTY IS VACANT**

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Richard A. Welch, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendant, Richard A. Welch, is the obligor and the total amount owed under the terms of the Note is Two Hundred Forty-Eight Thousand Fifty-Five and 92/100 ($248,055.92) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Richard A. Welch, is a resident of Bedford, County of Hillsborough and State of New Hampshire.

6. The Party-in-Interest, 21st Mortgage Corporation, is located at 620 Market Street, Knoxville, TN 37902.

## FACTS

7. On November 13, 2003, by virtue of a Warranty Deed from Brenda D. Welch, which is recorded in the York County Registry of Deeds in **Book 13711, Page 323**, the property situated at 17-19 Goodrich Street, County of York, and State of Maine, was conveyed to Richard A. Welch, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On August 3, 2005, Defendant, Richard A. Welch, executed and delivered to GMAC Mortgage Corporation a certain Note under seal in the amount of $195,000.00. Defendant, Richard A. Welch's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on August 3, 2005, Defendant, Richard A. Welch executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage Corporation, securing the property located at 17-19 Goodrich Street, Kittery, ME 03904 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14598**, **Page 365**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated February 11, 2016 and recorded in the York County Registry of Deeds in **Book 17183**, **Page 423**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to Nationstar Mortgage LLC by virtue of a Quitclaim Assignment dated July 20, 2016 and recorded in the York County Registry of Deeds in **Book 17293**, **Page 334**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Nationstar Mortgage LLC by virtue of a Quitclaim Assignment dated July 29, 2016 and recorded in the York County Registry of Deeds in **Book 17304**, **Page 206**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Specialized Loan Servicing LLC by virtue of an Assignment of Mortgage dated January 30, 2018 and recorded in the York County Registry of Deeds in **Book 17652**, **Page 925**.  *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated March 20, 2019 and recorded in the York County Registry of Deeds in **Book 17915**, **Page 331**.  *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On February 13, 2020, the Defendant, Richard A. Welch, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, Richard A. Welch, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit I.

17. The Defendant, Richard A. Welch, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

21. 21st Mortgage Corporation is a Party-in-Interest pursuant to a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as Nominee for GMAC Mortgage LLC, in the amount of $56,950.00 dated July 27, 2007, and recorded in the York County Registry of Deeds in **Book 15257**, **Page 868** and is in second position behind Plaintiff's Mortgage.

22. The Junior Mortgage was assigned to 21st Mortgage Corporation by virtue of a Junior Assignment dated November 25, 2015 and recorded in the York County Registry of Deeds in **Book 17151**, **Page 279**.

23. The total debt owed under the Note and Mortgage as of April 17, 2020 is Two Hundred Forty-Eight Thousand Fifty-Five and 92/100 ($248,055.92) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $163,186.14 |
| Interest | $45,305.35 |
| Escrow/Impound Required | $25,076.43 |
| Total Advances | $14,488.00 |
| Grand Total | $248,055.92 |

24. Upon information and belief, the Defendant, Richard A. Welch, is presently not in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 17-19 Goodrich Street, Kittery, County of York, and State of Maine. *See* Exhibit A.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Richard A. Welch, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2015, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of April 17, 2020 is Two Hundred Forty-Eight Thousand Fifty-Five and 92/100 ($248,055.92) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $163,186.14 |
| Interest | $45,305.35 |
| Escrow/Impound Required | $25,076.43 |
| Total Advances | $14,488.00 |
| Grand Total | $248,055.92 |

31. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant, Richard A. Welch's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Richard A. Welch's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Richard A. Welch, but only seeks *in rem* judgment against the property.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Richard A. Welch, on February 13, 2020, evidenced by the Certificate of Mailing. *See* Exhibit I.

34. The Defendant, Richard A. Welch, is not in the Military as evidenced by the attached Exhibit

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Richard A. Welch's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Richard A. Welch, is in breach of the Note by failing to make payment due as of October 1, 2015, and all subsequent payments, however, as affected by Defendant, Richard A. Welch's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, Richard A. Welch, but only seeks *in rem* judgment against the property;

d) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

e) Find that while the Defendant, Richard A. Welch, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 17-19 Goodrich Street, Kittery, ME 03904;

f) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust,
By its attorneys,

Dated: April 22, 2020

/s/John A. Doonan, Esq.
/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com